313 Ga. 16
FINAL COPY

S21A1123.  FLOYD v. STONE.

BOGGS, Presiding Justice.

Appellant Maureen O. Floyd seeks permission to file an information in the nature of quo warranto against appellee Superior Court Judge Jesse C. Stone of the Augusta Judicial Circuit, with the goal of having him removed from office. Relying on Paragraph VIII (a) of Article V, Section II of the Georgia Constitution, Floyd contends that Judge Stone's appointment was illegal, because the Governor did not "promptly" appoint him to fill the vacancy on the superior court created by the accepted resignation of his predecessor, Judge Michael N. Annis. See Ga. Const. of 1983, Art. V, Sec. II, Par. VIII (a) ("When any public office shall become vacant by death, resignation, or otherwise, the Governor shall *promptly* fill such vacancy unless otherwise provided by this Constitution or by law . . . ." (emphasis supplied)). The trial court granted Judge Stone's motion to dismiss for failure to state a claim in quo warranto

and denied Floyd leave to file an information against Judge Stone, in part because Floyd failed to show that removal from office through a proceeding in quo warranto is the proper remedy for an appointment that is not made promptly. We affirm the trial court's judgment on that basis.

1. The facts are undisputed. At the May 2016 nonpartisan general election, Judge Annis was re-elected to a standard four-year term of office as a superior court judge beginning January 1, 2017. On December 11, 2019, Judge Annis submitted a letter to Governor Brian P. Kemp tendering his resignation, effective February 1, 2020. On December 20, 2019, Governor Kemp sent Judge Annis a letter accepting his resignation and noting the effective date. Soon after Governor Kemp accepted Judge Annis' resignation, the Judicial Nominating Commission ("JNC") began seeking candidates to fill the seat. On February 1, 2020, the office formerly held by Judge Annis became vacant. On February 17, 2020, the JNC sent Governor Kemp a list of four potential appointees, which included Judge Stone. On February 22, 2021, more than a year after Judge Annis

2

left office, Governor Kemp appointed Judge Stone to the office for an initial term ending December 31, 2022.[1]

On March 5, 2021, Floyd filed a petition for leave to file an information in the nature of quo warranto, which alleged that it was "filed [within] thirty (30) days after the swearing in" of Judge Stone. See OCGA § 9-6-60 ("The writ of quo warranto may issue to inquire into the right of any person to any public office the duties of which he is in fact discharging. . . ."). On March 31, Judge Stone filed a motion to dismiss the petition for failure to state a claim in quo warranto or, in the alternative, to deny Floyd leave to file an information against him. Floyd amended her petition on April 15 and April 28, and on April 29, the trial court held a hearing.

On May 6, 2021, the trial court entered an order granting

---

[1] Because the vacancy arose less than six months before the May 2020 nonpartisan general election for judges (which was postponed until June due to the COVID-19 pandemic), Judge Stone's term will end, and he will face election, at the same time as had the Governor appointed him earlier. See Ga. Const. of 1983, Art. VI, Sec. VII, Par. IV ("An appointee to an elective office shall serve until a successor is duly selected and qualified and until January 1 of the year following the next general election which is more than six months after such person's appointment."); *Barrow v. Raffensperger*, 308 Ga. 660, 660 n.1, 676 (3) (d) & n.15 (842 SE2d 884) (2020).

Judge Stone's motion to dismiss and denying Floyd permission to file an information. The court explicitly rejected Floyd's argument that Judge Stone's appointment was illegal because it was not made "promptly" as required by the Georgia Constitution, noting that Floyd cited no legal authority for her conclusion that the Governor's appointment was not prompt. The court also noted that Floyd failed to cite any authority supporting her conclusion that removal from office by way of a quo warranto proceeding is a proper remedy for an unprompt appointment.

Floyd filed a timely notice of appeal, which was properly directed to this Court based on our "exclusive appellate jurisdiction in . . . [a]ll cases involving the construction . . . of the Constitution of the State of Georgia[.]" Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). The case was orally argued on September 23, 2021.

2.      Floyd contends that the trial court erred in granting Judge Stone's motion to dismiss and in denying Floyd permission to file an information in the nature of quo warranto. We disagree.

Floyd's argument that Judge Stone should be removed from office through a proceeding in quo warranto has three steps. First, she contends that the promptness requirement, which appears in the article of the Constitution that pertains to the executive branch, see Ga. Const. of 1983, Art. V, Sec. II, Par. VIII (a), applies to judicial vacancies, even though the judicial branch article has its own provision addressing the filling of judicial vacancies that does not include the same or even a similar promptness requirement. See *Perdue v. Palmour*, 278 Ga. 217, 219 (600 SE2d 370) (2004) (noting that Article V, Section II, Paragraph VIII (a) "is not a part of judicial Article VI of the State Constitution, but rather is found in Article V, which addresses the executive branch"). Cf. Ga. Const. of 1983, Art. VI, Sec. VII, Par. III ("Vacancies shall be filled by appointment of the Governor except as otherwise provided by law in the magistrate, probate, and juvenile courts. . . ."). Second, Floyd contends that Governor Kemp did not act "promptly" in filling the office formerly held by Judge Annis, because the Governor waited a little more than a year to appoint Judge Stone. Third, Floyd contends that the proper

5

remedy for a lack of promptness in filling a judicial vacancy is to remove from office the person who was appointed unpromptly. Our analysis begins and ends with the third step of Floyd's argument.

It is "'the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.'" *Schoicket v. State*, ___ Ga. ___, ___ (___ SE2d ___) (2021) (citation omitted). The injury that flows from the lack of a prompt appointment is prolongation of the period of time during which there is a vacancy in the office. But as the trial court observed at the hearing, removing Judge Stone — whom Floyd does not contend is in any way personally ineligible to hold the office — would simply create another vacancy in the office, which the Governor would then be required to fill by appointment. See Ga. Const. of 1983, Art. VI, Sec. VII, Par. III. See also *Barrow v. Raffensperger*, 308 Ga. 660, 669-670 (3) (a) (842 SE2d 884) (2020) (construing this provision); *Charles H. Wesley Ed. Foundation v. State Election Bd.*, 282 Ga. 707, 709 (2) (654 SE2d 127) (2007) (noting that requirement that public official perform particular act

within specific period of time, without more, does not divest official of authority to perform act after time has run). The effect of imposing such a remedy would be to further prolong the amount of time that the office was vacant. A remedy that aggravates the injury flowing from a constitutional violation is not a remedy that is tailored to the injury. Indeed, Floyd cites no authority, from Georgia or elsewhere, for the use of quo warranto to remove an officeholder under such circumstances.

Thus, pretermitting whether Article V, Section II, Paragraph VIII (a)'s requirement that the Governor promptly fill vacancies extends to judicial vacancies, and pretermitting whether the delay of a little more than a year in the appointment of Judge Stone violated that requirement, the proper remedy for that constitutional violation would not be to remove Judge Stone from office. Accordingly, we affirm the trial court's judgment granting Judge Stone's motion to dismiss and denying Floyd permission to file an information in the nature of quo warranto.

7

*Judgment affirmed. All the Justices concur, except Bethel, J., not participating.*

Decided December 14, 2021.

Judicial vacancy; constitutional question. Burke Superior Court. Before Judge Karpf, Senior Judge.

*Hunter Rhodes, Joseph T. Rhodes, Samuel A. Emas*, for appellant.

*Christopher M. Carr, Attorney General, Bryan K. Webb, Deputy Attorney General, Russell D. Willard, Senior Assistant Attorney General, Lee M. Stoy, Jr., Assistant Attorney General*, for appellee.